UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THIAMOND KING,

   Petitioner,

vs.             Case No. 3:10-cv-210-J-34JRK

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

   Respondents.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

  Petitioner, who is proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (Petition) on March 8, 2010. The Petition challenges a disciplinary report received on November 7, 2004, for an obscene and profane act, log #213-041834. As punishment for this disciplinary violation, Petitioner lost ninety days of gain time and was given thirty days of disciplinary confinement. As relief, Petitioner seeks the restoration of his gain time and immediate release from prison.

  Petitioner was released from the Florida Department of Corrections on June 22, 2010.[1] The Petition seeks the return of gain time credits for the purpose of reducing Petitioner's length of incarceration and is not attacking his underlying state court conviction. Because Petitioner has been released from prison, the Petition is due to be dismissed as moot.

---

  [1] See http://www.dc.state.fl.us/InmateReleases/detail.

> Whether an action is moot is a jurisdictional matter because it implicates the Article III requirement that there be a live case or controversy. Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987). Petitioner's ultimate objective in bringing this habeas action was restoration of the gain time he lost as a result of the disciplinary conviction, which would have shortened his period of incarceration by 60 days. Since petitioner has been released from incarceration, the undersigned finds that there is no longer a case or controversy to litigate. See, e.g., Spencer v. Kemna, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (habeas corpus challenge to parole revocation was mooted by release, as there was no continuing controversy); Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986) (state prisoner's challenge to calculation of gain time credits was mooted by release; prisoner challenged length rather than fact of confinement, and the length of confinement would have no collateral consequences); Chandler v. McNeil, No. 3:07cv529/RV/EMT, 2008 WL 3852328 (N.D. Fla. Aug. 18, 2008) (habeas challenge to disciplinary conviction resulting in loss of gain time and placement in disciplinary confinement was rendered moot by prisoner's release from incarceration); Humphries v. Rivera, No. 4:05cv466/RH/WCS, 2007 WL 1228512, at *1 (N.D. Fla. Apr. 24, 2007) (same). A favorable decision on the merits would not entitle petitioner to any additional relief, and therefore he no longer has a "personal stake in the outcome."

Schmidt v. McNeil, No. 5:07cv281/RS/MD, 2010 WL 2351461, at *2 (N.D. Fla. Apr. 30, 2010), report and recommendation adopted by, No. 5:07cv281/RS-MD, 2010 WL 2351353 (N.D. Fla. June 11, 2010).

This case does not present a case or controversy under Article III, § 2, of the United States Constitution. Thus, this case will be dismissed as moot because the Court cannot give Petitioner any

effective relief. See Fields v. Sec'y Dep't of Corr., No. 5:09cv83/RS/EMT, 2009 WL 1456403, at *2 (N.D. Fla. May 22, 2009) (not reported in F.Supp.2d) (dismissing as moot a challenge to the Department of Corrections' failure to award sentence credit, finding there is no longer a case or controversy to litigate); Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986) (per curiam) (finding there is no need to consider collateral consequences, since it is the underlying conviction, not the length of confinement, which creates the necessity to consider collateral legal consequences before dismissing a habeas petition as moot).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The case is **DISMISSED without prejudice as moot.**

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 30th day of June, 2010.

MARCIA MORALES HOWARD
United States District Judge

sc 6/25
c:
Thiamond King